HENRY H. MEEDER, Respondent, *v.* PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY OF NEW YORK, Appellant.

1. ESTOPPEL — WHEN RIGHTS ACQUIRED BY, PASS BY ASSIGNMENT. Where the beneficiary in a policy of life insurance, in response to his inquiry of the company, has been informed that a premium falling due on a specified date has been paid, the latter is estopped in an action upon the policy from asserting a forfeiture upon the ground that it made a mistake as to the payment of the premium, and that it had not in fact been paid, and this is so, although the action was brought by an assignee of the beneficiary, since an estoppel operates not only in favor of the party misled to his prejudice, but also in favor of his privies in blood or estate.

2. PRINCIPAL AND AGENT — WHEN FORMER AGENT MAY FOR A NOMINAL CONSIDERATION TAKE AN ASSIGNMENT OF OBLIGATION OF PRINCIPAL. The facts that the plaintiff was in the confidential employment of the defendant and had learned therein that the premium had not been paid, and that after the severance of his relations with the company the policy was assigned to him for a nominal consideration, will not prevent a recovery since his prior relations to the defendant could not deprive him of the right to become the owner of the policy as it existed

in the hands of the beneficiary, and the consideration of the assignment is not a matter which concerns the defendant.

*Meeder* v. *Provident S. L. Assur. Society*, 58 App. Div. 80, affirmed.

(Argued May 15, 1902; decided June 10, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 16, 1901, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William T. Gilbert* for appellant. Under a complaint pleading performance of the conditions of a contract, evidence of facts in excuse of non-performance is inadmissible. (*Clark* v. *Post*, 113 N. Y. 17; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Truesdell* v. *Bourke*, 145 N. Y. 612; *Neudecker* v. *Kohlberg*, 81 N. Y. 296; *Anderson* v. *Hubbell*, 93 Ind. 570; *Maxwell* v. *Longenecker*, 89 Ill. 102; *Mabury* v. *L., etc., F. Co.*, 60 Fed. Rep. 645; 2 Herman on Est. § 1304; *Clements* v. *Beale*, 53 App. Div. 416.) Conceding that the evidence in question was properly received, no facts were proved upon which an estoppel could be based. (*Leslie* v. *K. L. Ins. Co.*, 63 N. Y. 27; *De Frece* v. *Nat. L. Ins. Co.*, 136 N. Y. 144; *Meyer* v. *K. L. Ins. Co.*, 73 N. Y. 516; *Grange* v. *Palmer*, 56 Hun, 481; *Thomson* v. *Ins. Co.*, 104 U. S. 252; *H. L. Ins. Co.* v. *Unsell*, 144 U. S. 439; *Homer* v. *G. M. L. Ins. Co.*, 67 N. Y. 478; *Baker* v. *U. M. L. Ins. Co.*, 43 N. Y. 283; *Bowers* v. *Smith*, 28 N. Y. S. R. 346; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143; *Kennedy* v. *Green*, 3 M. & K. 719.) In any point of view, no estoppel operates in favor of the plaintiff. (*Howard* v. *Hudson*, 2 El. & Bl. 10; *Ketchum* v. *Duncan*, 96 U. S. 659; *J. S. Co.* v. *McClung*, 51 Fed. Rep. 868; *Jewett* v. *Miller*, 10 N. Y. 402; *Winegar* v. *Fowler*, 82 N. Y. 315; *Mayenborg* v. *Haynes*, 50 N. Y. 675; *McGowan* v. *C. M. B. Assn.*, 76 Hun, 534; *Andrews* v. *Lyon*, 11 Allen, 349.) The plain-

28

tiff should not be permitted to use for his own profit information he derived in the course of his employment by the defendant. (*Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Ringo* v. *Binns*, 10 Pet. 269; *Green* v. *Winter*, 1 Johns. Ch. 26; *Michoud* v. *Girod*, 4 How. [U. S.] 503; *Gardner* v. *Ogden*, 22 N. Y. 327; *Case* v. *Carroll*, 35 N. Y. 385; *Munson* v. *S., etc., R. R. Co.*, 103 N. Y. 58; *Carter* v. *Palmer*, 8 Cl. & F. 657.)

*Henry W. Jessup* for respondent. The plaintiff was entitled to recover. (*McDougall* v. *P. S. L. A. Society*, 64 Hun, 515; *Ins. Co.* v. *Eggleston*, 96 U. S. 572; *Kenyon* v. *N. L. Assn.*, 39 App. Div. 276; May on Ins. § 358; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143; *M. L. Ins. Co.* v. *Smith*, 44 Ohio St. 156; *Shaw* v. *R. Ins. Co.*, 69 N. Y. 286; *Te Bow* v. *Ins. Co.*, 59 App. Div. 310; *Hayner* v. *A. P. L. Ins. Co.*, 69 N. Y. 435; *Fisher* v. *H. M. L. Ins. Co.*, 69 N. Y. 161.) Defendant cannot assert a default caused by its own wrongful act alone. (*Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 156; *Hayner* v. *Ins. Co.*, 69 N. Y. 435; *Hartley* v. *James*, 50 N. Y. 38; *Delavan* v. *Duncan*, 49 N. Y. 485; *Cort* v. *A. R. R. Co.*, 6 Eng. L. & Eq. 230; *Hochster* v. *De La Tour*, 20 Eng. L. & Eq. 157; *Frost* v. *Knight*, L. R. [7 Exch.] 111; *Burtis* v. *Thompson*, 42 N. Y. 246; *Crist* v. *Armour*, 34 Barb. 378; *Stokes* v. *Mackey*, 147 N. Y. 235.) It cannot be claimed that the plaintiff's assignor was guilty of *laches* or that he acquiesced in the forfeiture. (*Lux* v. *Haggin*, 69 Cal. 255; *McDougall* v. *P. L. Ins. Co.*, 64 Hun, 515.) The trial court below fixed the proper basis of recovery. (*Hayner* v. *Ins. Co.*, 69 N. Y. 435.)

O'BRIEN, J. The defendant on the 17th day of February, 1896, by its policy of insurance, insured the life of one Dambman for three thousand dollars, payable to one Drentel, a creditor of the insured, or to his legal representatives, within sixty days after proof of death. On the 22d day of April, 1899, the insured died owing the creditor for whose benefit

the policy was issued the full sum payable by the terms of the policy. There is no dispute with respect to the debt of the beneficiary or the presentment of due proof of death. The action is defended on the sole ground that the quarterly premium that became due on the 17th day of November, 1897, was not paid, and at the time of the death of the insured the policy for that reason was not in force.

On the 18th day of September, 1899, Drentel, the beneficiary, assigned the policy and all his rights therein to the plaintiff by a written assignment in which the consideration expressed is one dollar. The defendant did not ask to go to the jury on any question, and the court directed a verdict for the plaintiff for the amount due on the policy, less the premium in question and all subsequent premiums falling due prior to the death of the insured. The defendant excepted to the direction, and this exception presents the sole question of law in the case. The court below unanimously affirmed the judgment, and the defendant appeals.

All the questions argued are related in some way to the alleged default in the payment of the premium that fell due November 17, 1897. The beneficiary Drentel kept a hotel at Orange, New Jersey, and the insured boarded with him, and in that way contracted the debt secured by the policy. The quarterly premiums were by custom or contract payable within thirty days after they fell due. In other words, there were thirty days of grace in which the insured could pay the premiums. The insured generally paid the premiums, but on at least two occasions when the insured was absent Drentel paid them within the thirty days. On the 26th day of November, 1897, when the insured was absent, Drentel not knowing whether the insured had paid the November premium or not, addressed a letter to the defendant asking to be informed whether the premium due the 17th day of that month had been paid, and if not to forward the bill to him and he would pay. The next day the defendant replied to the letter, stating that the premium referred to had been paid on the 17th. Drentel rested upon this assurance and made no further

inquiry till September 9th, 1898, when he wrote to the defendant again, asking if the premiums had been paid up to date. The defendant replied under date of September 12th, to the effect that the policy had expired by its terms by reason of the non-payment of the premium due November 17th, 1897, being the very premium which it had already assured the beneficiary had been paid. The company added that should the beneficiary " desire to again be protected in this manner " they would be pleased to accept another application upon new papers. The defense is based upon the claim of the defendant that there was a mistake in its letter, and that the premium in fact had not been paid. The mistake was not conclusively shown, since it rests largely if not entirely upon the fact that the renewal receipt, which should have been delivered upon payment, was found in the defendant's possession. But for all the purposes of this case we will assume that the proof in this respect was conclusive.

That the defendant is estopped from asserting now that the premium was *not* paid after misleading the beneficiary by its written assurance for ten months, and then informing him that the policy was forfeited when it was too late to protect himself, is a proposition that I assume no one will question. It is so plain and reasonable that it would be superfluous to cite authorities to sustain it. The defendant does not question the principle, but seeks to show that estoppels are personal to the parties, and while it might have operated in favor of the beneficiary himself, it cannot be allowed to operate in favor of the plaintiff to whom the policy was assigned. This proposition is not supported by principle or authority. The plaintiff became vested with every right that the assignor had, by the terms of the assignment and by law, including the right to assert conclusively against the defendant the truth of its own written statement that the premium in question *was* paid. Estoppels operate not only in favor of the party misled to his prejudice by the statement, but also in favor of his privies in blood or estate. That the plaintiff is in legal privity with the beneficiary to whom the contract was payable is a proposition

too plain for argument.   One who has a clear right acquired by estoppel can convey his right to any one, and the knowledge or ignorance of the assignee is immaterial.   (*Nickerson* v. *Mass. Title Ins. Co.*, 178 Mass. 308.)

· The plaintiff was formerly in the defendant's service as a solicitor for insurance, and in that capacity actually procured the policy in question.   He left the employ of the defendant on July 3d, 1899, with a letter from defendant's secretary expressing regret at his resignation and recommending him for fidelity and capacity in very flattering terms.   There is some proof in the case that while the plaintiff was in defendant's employ he learned that the premium of November 17th had not been paid in fact and that the company's letter to the contrary was a mistake.   The proof is quite vague and far from conclusive, but we will assume that the fact is established. It is also said that the policy was assigned to the plaintiff for the nominal consideration of one dollar, and that under such circumstances it would be inequitable and immoral to allow the plaintiff to take advantage of knowledge that he acquired in a confidential employment.   We are unable to perceive any force or merit in this contention and think the proposition is quite fallacious for two reasons :

(1) The plaintiff acquired no knowledge that is of any use to him in this case in a confidential capacity.   The thing that is important is the defendant's letter stating that the premium was paid.   That was addressed to the beneficiary and, hence, published as a fact to all the world.   If it be true that the plaintiff acquired the knowledge that this letter was a mistake before he left defendant's service that knowledge is not of the slightest value to him in this case, but rather a detriment.   It is the defendant and not the plaintiff that is seeking to shield itself from liability on the ground that it made a mistake when it informed the policyholder that the premium was paid. Indeed, it is very obvious that the plaintiff could have done everything that he has done just as well if not better had he never known or heard of the alleged mistake.   So that there is no foundation for the contention that the plaintiff is seek-

ing to make use of knowledge that he acquired in a confidential employment, since that knowledge is not of the slightest benefit to him in the prosecution of this action or the slightest detriment to the defendant. Moreover, when the plaintiff took the assignment his relations with the defendant had completely terminated and he had the same right then to become the owner of the policy as a stranger or any other party. It is quite difficult to understand the theory of the learned counsel for the defendant or in what respect the plaintiff's relations of agency which formerly existed with the defendant has any bearing on the case.

What the contention must mean is that the plaintiff, in consequence of his prior relations with the defendant, was incapable of becoming the owner of the policy as it existed in the hands of the original owner or beneficiary. We are not aware of any principle or authority that tends to support such a proposition. An agent who has severed his relations with his principal may take an assignment of an obligation in the hands of a third party which the principal has agreed to pay. He has the same right generally in that respect as any other person. If in some particular case, however, there would be any difficulty it is impossible to perceive any in this case. None has been pointed out and no authority has been referred to that suggests any.

(2) But the plaintiff is not seeking to enforce any original claim or right that is founded upon his former relations with the defendant. What he is seeking to enforce is a derivative claim or right that has been transferred to him by a third party. The claim has lost none of its validity in the process of transmission. It is just as good a claim in the hands of the plaintiff as it was in the hands of his assignor. Of course the plaintiff took it subject to all defenses, offsets or counterclaims, and the court deducted from the face of the policy the premium in question and all other premiums that fell due before the death of the insured. The court may have been somewhat illogical in treating the premium of November 17th, 1897, as unpaid since the defendant had certified that it had

been paid, but, if so, that was done upon the defendant's motion and for its benefit, and hence it cannot now be heard to complain, because the court committed an error, if error it was, in its favor. How much or in what manner the plaintiff paid for the policy when it was assigned to him is a matter that does not concern the defendant. It is enough that he has the title. The original party could have transferred it to the plaintiff by way of gift if he so elected, and that would not concern the defendant. Such questions sometimes become important in suits upon negotiable instruments, but are of no consequence in a case like this.

The failure to pay the premiums that became due subsequent to November 17th, 1897, is not an element in the case. No defense was interposed on that ground, and obviously none could be since the defendant had, by declaring the policy forfeited for non-payment of the premium due on that day, made the tender of any of the subsequent premiums an idle ceremony. The recovery in this case is in accordance with justice. No rule or principle of law has been violated, and the judgment should, therefore, be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment affirmed.