BERTHA E. NAHE, Individually and as Administratrix with the Will Annexed of All and Singular the Goods, Chattels and Credits Which Were of LOUISE NAHE, Deceased, Plaintiff, *v.* KJESTINE MIKKELSEN and NIS MIKKELSEN, Her Husband, et al., Defendants.

(Supreme Court, Kings Special Term, August, 1919.)

Foreclosure — mortgages — forged    assignment — payments — lis pendens — equitable estoppel.

About a year after an assignment of a bond and mortgage held by plaintiff had been recorded, she discovered that the assignment had been forged by the attorney who then represented her, but she did not notify the owner of the property or the assignee under the forged assignment or any one else having an interest in the property. In an action brought eleven years later to foreclose the mortgage, it appeared that the owner of the property, without knowledge of the forgery, had paid the mortgage to the assignee under the forged assignment and that it had been satisfied of record. *Held*, that plaintiff was entitled to enforce the mortgage only to the extent of payments made thereon before her knowledge of the forgery.

Though plaintiff upon discovery of the forgery was under no obligation to take some legal action and file a *lis pendens* so that a purchaser would be advised of the situation, it was her duty to have advised the owner of the property of the forgery, and not having done so, plaintiff was equitably estopped from asserting any claim for the balance of the mortgage which was past due before the forgery was executed.

ACTION to foreclose a mortgage.

John C. Kinkel (Felix Reifschneider, Jr., of counsel), for plaintiff.

Rodney T. Martinsen, for defendants Mikkelsen.

Washburn & Ruston (Clarence U. Carruth, of counsel), for defendants Elson.

Edward M. Perry (Lynn C. Norris, of counsel), for defendants Greater New York Savings Bank and Title Guarantee and Trust Company.

CROPSEY, J.  A forged assignment of a bond and mortgage held by the plaintiff was recorded in July, 1906.  The forgery had been committed by the attorney who then represented the plaintiff.  In April, 1907, the plaintiff discovered that the forgery had been committed.  However, she did not notify the owner of the property nor the assignee under the forged assignment nor any one else connected with the property.  In fact, she did nothing for eleven years, when she brought this action of foreclosure.

The owner of the property paid the principal of the mortgage in installments until it was fully paid and satisfied of record, and, of course, also paid the interest.  All these payments were made to the assignee under the forged assignment, and all without any knowledge or notice that there had been a forgery.  Two payments on account of principal, amounting to $500, were made before the plaintiff had knowledge of the forgery.  The balance of the payments were made thereafter.

The primary question is whether the plaintiff is estopped from asserting the validity of the mortgage either in whole or in part.  As to the $500 paid before plaintiff had knowledge of the forgery, it cannot be

seen how there can be any estoppel. The plaintiff, up to that time, had no knowledge and so neither did, nor failed to do, anything which prejudiced the owner of the property. But the then owner of the property sold a portion of it after that time and long after the plaintiff had acquired knowledge of the forgery, and the new owner contends that as against her the plaintiff is estopped. This claim must be based upon the proposition that it was the duty of the plaintiff, after learning of the forgery, to take some legal action and file a lis pendens so that a purchaser would be apprised of the situation. There is no other way in which the plaintiff could have given notice to the new owner, for there was no means by which she could tell to whom the property might be sold. But no authority is cited in support of this contention. It is believed that it is unsound. The plaintiff was not under any such obligation. *Elmhorst* v. *Maziroff,* 176 App. Div. 145. As to the $500 in question, the plaintiff is plainly entitled to enforce the mortgage.

But is she entitled to enforce it for the balance of the amount represented by it? The remainder of the principal sum was paid by the owner of the property in good faith and without any notice of the forgery after the plaintiff acquired knowledge of it. Presumably, had the plaintiff notified the owner of the forgery, these payments would not have been made. At least, the owner would then have paid at her peril. But the plaintiff remained silent, taking no means to advise the owner of the situation and not taking any steps to collect either the principal or interest herself, although the mortgage was due before the forgery was executed. She must have known that some one was collecting the interest and probably the principal. Under such circumstances, it was unquestionably her duty to have advised the owner of the property of the facts of which

she had knowledge. Not having done so, she must in equity be held to be estopped from asserting her claim. *Elmhorst* v. *Maziroff,* 176 App. Div. 145; *Rothschild* v. *Title Guarantee & Trust Co.,* 204 N. Y. 458; *Pollitz* v. *Wabash R. R. Co.,* 207 id. 113, 129; *New York Rubber Co.* v. *Rothery,* 107 id. 310; *Kantor* v. *Cohn,* 98 Misc. Rep. 355; affd., 181 App. Div. 400. And the grantee of the then owner of the property has the same right to assert the estoppel of the plaintiff as that owner had. *Meeder* v. *Provident S. L. Assur. Society,* 171 N. Y. 432; *Kantor* v. *Cohn,* 181 App. Div. 400.

It follows that the plaintiff can enforce her mortgage only to the extent of $500. But the rights of the present owner of a portion of the property and of the original owner who still owns the remainder, as between themselves, are to be settled. The plaintiff is entitled to foreclose against the entire property to the extent mentioned. But as the defendants Elson, the present owners of a portion of the property under mesne conveyances from the original owner Mikkelsen, acquired title after the $500 had been paid, and by a warranty deed in which the amount of the incumbrances was stated to be a sum which gave credit for the payment of the $500 in question, as between the defendants, the defendant Mikkelsen must pay the $500 to the plaintiff, and not the defendants Elson. Hence the judgment should provide that, while the plaintiff may sell the entire property, it should be sold in two parcels and that the portion which the defendants Mikkelsen still own should be first sold, and, if that does not realize sufficient to pay the plaintiff, then the portion owned by the defendants Elson may be sold. No costs are allowed in view of all the circumstances. Interest must be figured on the $500 from October 2, 1906, at the rate of five per cent per annum.

Judgment accordingly.