140 So. 614

## DUGGAR v. MOBILE & GULF NAV. CO.

### I Div. 708.

Supreme Court of Alabama.
March 17, 1932.

Frank J. Yerger, of Mobile, for petitioner.

A. S. Whiting and Leo Berman, both of Mobile, for respondent.

visions of the act of 1874, and of March 4, 1915, were re-enacted—the former as 46 USCA § 544, the latter as 46 USCA § 601. So that, by thus re-enacting the provisions of the act of 1874 along with that of March 4, 1915, the former was made a restriction upon the effect of the latter, just as it had been held to be a restriction upon the act of 1872 (Inter-Island Nav. Co. v. Byrne, 239 U. S. 459, 36 S. Ct. 132, 60 L. Ed. 382) whose provisions were merely extended by the act of 1915 to include fishermen. So that, whatever may have been the status of the law from March 4, 1915, to June 30, 1926, the date of the adoption of the code, and though it be as affirmed in the Burns Case, supra, we agree that, after the adoption of the Code, both sections 544 and 601 of 46 USCA became operative, and the former was a limitation on the latter.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

FOSTER, J.

If it be conceded that the Act of Congress of March 4, 1915, § 12 (38 Stat. 1169), had the effect of repealing the limitation upon the Act of Cong. June 7, 1872 (17 Stat. 262), which was provided by the Act of Cong. June 9, 1874 (18 Stat. 64), as was held in Burns v. Fred L. Davis Co. (C. C. A.) 271 F. 439, and that such repealing statute continued in effect until the adoption of the present United States Code, that concession does not show error in the result reached by the Court of Appeals of Alabama in this case.

As pointed out in that opinion, by the adoption of the United States Code by Act approved June 30, 1926 (44 Stat. 777), the pro-