## UNITED STATES ex rel. BOYD v. McMUR-TRY et al.

District Court, W. D. Kentucky.
Aug. 11, 1933.

516

Arthur C. Gunther and B. M. Harwood, both of Louisville, Ky., for plaintiff.

Bruce & Bullitt and Woodward, Hamilton & Hobson, all of Louisville, Ky., for J. H. McMurtry.

Stites & Stites, of Louisville, Ky., for Robert H. Lucas.

DAWSON, District Judge.

This cause is submitted on the special and general demurrer of the defendants to the petition. There is a very apparent misjoinder of parties, and the petition is perhaps fatally lacking in definiteness as to the acts relied upon to justify recovery. Aside from these defects, however, the demurrers must be sustained.

Boyd, a private citizen who brings this suit in behalf of the United States and in his own behalf, seeks to sustain his right to maintain this action under sections 231 and 232, title 31 USCA. These sections read as follows:

"§ 231. Any person not in the military or naval forces of the United States, or in the militia called into or actually employed in the service of the United States, who shall do or commit any of the acts prohibited by any of the provisions of section 80 of Title 18, shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit.

"§ 232. The several district courts of the United States, the supreme court of the District of Columbia, the several district courts of the Territories of the United States, within whose jurisdictional limits the person doing or committing such act shall be found, shall, wheresoever such act may have been done or committed, have full power and jurisdiction to hear, try, and determine such suit. Such suit may be brought and carried on by any

person, as well for himself as for the United States; the same shall be at the sole cost and charge of such person, and shall be in the name of the United States, but shall not be withdrawn or discontinued without the consent, in writing, of the judge of the court and the district attorney, first filed in the case, setting forth their reasons for such consent."

Section 80 of title 18, referred to in section 231, is a part of section 35 of the Criminal Code (as amended by Act Oct. 23, 1918, 40 Stat. 1015), which was drawn from Rev. St. § 5438 (Act March 2, 1863, 12 Stat. 696), as amended by Act May 30, 1908 (35 Stat. 555).

Prior to the amendment of October 23, 1918, it was well settled that section 35 of the Criminal Code was directed solely against those offenders who made, or caused to be made, fraudulent claims against the government. For the first time the amendment of October 23, 1918, made it a criminal offense, under section 35 of the Criminal Code, to knowingly and willfully falsify, conceal, or cover up by any trick, scheme, or device, a material fact, for the purpose and with the intent of cheating, swindling, or defrauding the government of the United States, or any department thereof, or any corporation in which the United States is a stockholder. Capone v. United States (C. C. A. 7th Cir.) 51 F. (2d) 609, 76 A. L. R. 1534.

Section 231 of title 31 USCA, appears in the Revised Statutes as section 3490, and was derived from the Act of March 2, 1863 (12 Stat. 698, § 3), and its language has not been changed by amendment since that time. As it appears in the Code, the language is identical with that found in section 3490, except that reference is made to section 80 of title 18 instead of section 5438 of the Revised Statutes. Of course, this change was merely an editorial change to let the section refer to a Code section rather than the Revised Statutes.

Section 232, title 31 USCA, is found in the Revised Statutes as section 3491, and was derived from the Act of March 2, 1863 (12 Stat. 698, § 4), and it has not been amended since its enactment.

Section 231 (Rev. St. § 3490) does not, in terms, define the causes of action therein created; but it refers to Rev. St. § 5438, for enumeration of such causes of action. When we turn to section 5438 and learn its legislative history, we find, as heretofore stated, that prior to October 23, 1918, the only offenses therein denounced were those having to do with the making of fraudulent claims against

the government. Therefore such acts must be held to have been the causes of action created by section 3490 of Revised Statutes (section 231, title 31 USCA), and authorized to be maintained by a private citizen by section 3491, Revised Statutes (section 232, title 31 USCA).

The subsequent amendment of section 5438, made in 1918, did not become a part of sections 3490 and 3491 (sections 231 and 232, title 31 USCA). As pointed out by Mr. Justice Thompson in Kendall v. U. S., 12 Pet. 524, 625, 9 L. Ed. 1181, and referred to with approval in the case of In re Heath, 144 U. S. 92, 12 S. Ct. 615, 36 L. Ed. 358, it is permissible and not an uncommon practice for a legislative body to adopt by reference other legislative acts; but "such adoption has always been considered as referring to the law existing at the time of adoption; and no subsequent legislation has ever been supposed to affect it. And such must necessarily be the effect and operation of such adoption; no other rule would furnish any certainty as to what was the law; and would be adopting prospectively, all changes that might be made in the law."

The fact that that part of section 5438 of the Revised Statutes which contains the amendment of October 23, 1918, appears in the United States Code as section 80 of title 18, and that the same compilation contains sections 3490 and 3491 of the Revised Statutes as sections 231 and 232 of title 31, does not change the situation. The inclusion of these sections in the Code did not have the effect of re-enacting them. The act providing for the codification of the general and permanent laws of the United States expressly declares that the act shall not be construed as repealing or amending any law, or as enacting as new law any matter contained in the Code (see 1 USCA p. 3).

The basis of the liability attempted to be asserted against the defendants in this case is, not that they made or assisted in the making, or permitted the making, of any false claim against the United States; but that they "for the purpose of defrauding and cheating the United States of taxes due and payable under the said Revenue Act of 1918, connived and schemed to circumvent the laws of the United States, in order to relieve the said Knebelkamp from the payment of the said taxes which are now due and owing."

If any part of section 5438 of Revised Statutes (section 80, title 18 USCA) covers the acts complained of, it is the part added by the amendment of October 23, 1918; but, as heretofore stated, these acts could not have been acts in contemplation of the Congress, for which a right of action was given by the enactment of sections 3490 and 3491, Revised Statutes, many years before the amendment.

I am therefore of the opinion that the plaintiff cannot maintain this action, and counsel for the defendants will prepare an order conforming to the views herein expressed.