THERESE LICHTIE, Respondent, v. JAMES J. McCANN and Another, Appellants.— Order denying defendants' motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. By this determination the court does not mean to decide the questions of law involved; they must be determined in light of the facts developed upon the trial. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

MANUFACTURERS TRUST COMPANY, Respondent, v. GUSTAVE ANDERSON, Individually and as Administrator, etc., of MARY MORAN ANDERSON, Also Known as MARY ANDERSON, Deceased, Appellant.— Order of Appellate Term reversed on the law and the facts, with costs, and order of the City Court of the City of New York, county of Kings, which vacated the garnishee order, affirmed, with ten dollars costs and disbursements. In our opinion, the Seaman's Act of 1915 was more than a mere re-enactment of the law of 1872, for the reason that the wages of " fishermen " (not included in the act of 1872) and all " seamen " are made exempt from execution or attachment.█ It seems clear that it was the intention of the Congress, by the act of 1915, to repeal that part of the act of 1874 which excepted seamen of coastwise trade from the exemption given them by the act of 1872. It is also our opinion that the defendant is a seaman within the meaning of section 10 of the Seaman's Act of 1915.█ Young, Kapper, Carswell, Scudder and Tompkins, JJ., concur.

ELIZABETH MATHEWS, Appellant, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.— Amended judgment and order reversed on the law and the facts and a new trial granted, costs to abide the event. Defendant's letter to the insured, dated April 9, 1930, was an assurance that, if the premium due April 4, 1930, was not paid, the policy would have an extended term value for one year and 326 days from April 4, 1930, for $2,297. If the insured knew of this letter and, relying on it, refrained from paying further premiums, the defendant is estopped to deny the facts as stated in the letter. Considering the evidence on this subject in the light most favorable to the plaintiff, as we must on the dismissal at the close of plaintiff's case, we think enough was shown to make out a prima facie case, and questions of fact were presented for the jury. (Meeder v. Provident S. L. Assur. Society, 171 N. Y. 432.) Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.

WLADYSLAW ORZECHOWSKI and Another, Respondents, v. JOHN DRAWITZA and Another, Appellants, and Others, Defendants.— Order granting plaintiffs' motion for summary judgment unless within a stated time certain taxes are paid affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.