**UNITED STATES ex rel. KESSLER v. MERCUR CORPORATION et al. ***

District Court, S. D. New York.
March 15, 1935.

McLean, Ferris, Ely & Fain, of New York City, for plaintiff.

Clark, Carr & Ellis, of New York City, for defendants.

*Judgment affirmed 83 F.(2d) 178.

PATTERSON, District Judge.

The informer's statute (R.S. § 3490 [31 U.S.C.A. § 231]) incorporates section 5438 of the Revised Statutes as it stood when the Revised Statutes were adopted, not as section 5438 has later been amended (18 U.S.C.A. § 80). Kendall v. United States, 12 Pet. 524, 9 L.Ed. 1181. An informer's action will therefore lie only in cases where the defendant has made false, fictitious, or fraudulent "claim upon or against" the government of the United States. This means a claim for money or property "to which a right is asserted against the Government, based upon the Government's own liability to the claimant." United States v. Cohn, 270 U.S. 339, 46 S.Ct. 251, 252, 70 L.Ed. 616. The action may not be maintained where all that is alleged is that the defendant has made false statements as to his own property, as in an income tax return. United States ex rel. Knight v. Mellon (D.C.) 4 F.Supp. 947, affirmed (C.C.A.) 71 F.(2d) 1021; United States ex rel. Boyd v. McMurtry (D.C.) 5 F.Supp. 515.

The lease here was a percentage one. It did not create a partnership or joint adventure. The moneys taken in by the lessee were its own property, not government funds. It follows that the alleged instances of padding of expenses and failure to report moneys received did not constitute the making of false claims against the government within the comprehension of section 3490. This, of course, is not to say that the United States has not remedies civil as well as criminal, if the allegations in the complaint are true.

The motion will be granted and the complaint dismissed as insufficient on its face.