ELIZABETH STERN and Another, as Administrators, etc., of ARTHUR J. STERN, Deceased, Plaintiffs, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Trial Term, New York County, June 18, 1935.

White & Case [*Chester Bordeau* of counsel], for the plaintiffs.

*Alexander & Green* [*James D. Ewing* of counsel], for the defendant.

WALSH, J. On February 1, 1928, defendant issued to Arthur J. Stern its policy insuring his life for $5,000. The estate of the insured was named as beneficiary. Premiums were payable quarterly on the twelfth days of January, April, July and October, and the amount of each quarterly premium was $78.05. Payment of premiums was made up to, but not including, January 12, 1932, the premium payable on said date *not being paid*. A check had been given to defendant by the insured to pay the quarterly premium which fell due on January 12, 1932, and also the interest, amounting to $17.34 on a loan which had been made to him on the policy. This check was dishonored, whereupon defendant wrote the insured advising him of the return of the check for insufficient funds.

Upon the default of the insured in paying said premium payment due *January 12, 1932*, the policy lapsed. The insured, notwithstanding such lapse, had the option, within three months after the default, of surrendering the policy and electing (a) to receive the cash surrender value thereof; (b) of purchasing paid-up life insurance; or (c) of continuing the insurance as *non-participating extended term insurance for the face amount of the policy*. In the event he made no election within such three months' period, the insurance was to be continued as provided in option (c).

On March 23, 1932, the insured wrote to defendant requesting information as to the cash surrender value of the policy and also as to whether he was protected under the extended term insurance plan and if so for how long. He also requested information as to whether or not he could be examined at the Brooklyn office of the defendant in connection with the reinstatement of his policy. On April 7, 1932, in reply to this letter, defendant wrote the insured advising him as to cash surrender value of the policy and stating that the extended term insurance available under the policy would amount to $4,711, which would be operative up to, *but not including May 12, 1933*.

This information given to the insured was not correct but was based upon the mistaken belief of defendant that the loan interest above mentioned had been paid to January 12, 1932; whereas same had not been paid. By reason of such non-payment the cash surrender value of the policy was $445, which, after deducting the amount of an outstanding loan of $289, and said unpaid interest thereon, amounted to $138.66. This reduced cash value was sufficient to purchase extended term insurance in the sum of $4,693.66 up to, but not including, *March 12, 1933.*

On July 11, 1932, defendant sent the insured a letter notifying him of the lapse of the policy and informing him that same continued in force as paid-up extended insurance for $4,693.66 until, but not including, March 12, 1933.

The insured died on March 21, 1933, and plaintiffs were thereafter appointed administrators of his estate. They demanded payment of the sum of $4,711, which defendant declined to make; whereupon this action was brought to recover said sum.

The question for determination is whether or not the defendant, by reason of its notification to the insured on April 7, 1932, that the extended term insurance expired on May 12, 1933, is now estopped from showing that the actual date of expiration was March 12, 1933, and that, accordingly, the defendant is not liable under the policy.

The doctrine of estoppel can be invoked only if the conduct of defendant was such as to induce the insured, acting in reliance thereon, to alter his conduct by reason thereof to his prejudice.

The burden of establishing that the insured failed to exercise one of the other options available to him, with resultant damage, or that he failed to procure a reinstatement of the policy, rests upon plaintiffs. There is no evidence tending to show that, even had the assured known of the correct expiration date of the extended insurance, he would have elected to take either one of the other options available to him.

Nor was it established that he would have endeavored to procure a reinstatement of the policy or, if he had so endeavored, he would have been successful. Reinstatement could be secured only in accordance with the provisions of the policy which required the production of evidence of insurability satisfactory to defendant and the payment of all overdue premiums and interest. Whether he could have met these conditions is highly problematical. There is no presumption that the insured, whose policy had lapsed by reason of his non-payment of one quarterly premium, and who had during all the time intervening between the date of the lapse and the date of his death taken no steps to secure such reinstate-

ment, would have endeavored to secure such reinstatement between March 12, 1933, and the date of his death. Nor can it be presumed that, if such endeavor had been made, the same could have been secured.

The cases cited by plaintiffs (*Meeder* v. *Provident Savings Life Assurance Society*, 171 N. Y. 432, and *Mathews* v. *Mutual Life Ins. Co.*, 241 App. Div. 843) differ from this case in that in the *Meeder* case the beneficiary, before there was a default in the payment of premium, inquired of the insurer whether or not the premium due on a certain date had been paid, stating that if it had not he would pay same. The insurer replied that such premium had been paid, but subsequently declared the policy forfeited by reason of the non-payment of such premium. In the *Mathews* case defendant, also before default in payment of premium, wrote the insured that if such premium were not paid the policy would have an extended term value for the period and amount specified in its letter. The court held that if the assured knew of such letter and, relying on it, refrained from paying further premiums, the defendant would be estopped from denying the representations made therein. Here, however, the insured was already in default and it is not shown that his conduct was affected or his rights prejudiced by the mistake of defendant.

At any event, the notification sent by the defendant to the insured on July 11, 1932, setting forth the correct amount of his extended term insurance and the date of expiration thereof, was sufficient to apprise the insured of the true date of the expiration of his extended term insurance.

The complaint is dismissed.