CHRISTOPHER MIGLIACCIO, Plaintiff, v. LOUIS CAPPOLA, Defendant.

City Court of New York, Kings County, May 26, 1936.

*Emery & Pyne*, for the judgment debtor.

*Jerome J. Licari*, for the judgment creditor.

GALLAGHER, J. The motion by the judgment debtor to vacate the garnishment presents again the question whether the wages of a seaman on a vessel engaged in coastwise trade are exempt from garnishment. The question was recently answered in the affirmative by the Appellate Division of this department. (*Manufacturers Trust Co.* v. *Anderson*, 241 App. Div. 843.) The observation of the judgment creditor that the court in that case overlooked the enactment of and pertinent provisions in title 46 of the United States Code, is not borne out by a reading of the opinion. The creditor concedes the debtor in this proceeding to be a seaman on a vessel engaged in coastwise trade. The statute upon which he relies to uphold the garnishment (Act of June 9, 1874, 18 U. S. Stat. at Large, 64, re-enacted June 30, 1926, as § 544, U. S. Code, tit. 46) does not purport to repeal immunity from attachment of wages of seamen on all vessels engaged in coastwise trade. Certain indicated vessels in that trade are expressly excepted by the repealing statute. The creditor having failed to show that the debtor does not work on one of the excepted vessels, the statute is not applicable. (*Bloom-*

*ingdale Bros., Inc.,* v. *Butler,* 150 Misc. 903, App. Term, 1st Dept.) This failure of proof would render the garnishment invalid, even if the statutory construction urged by the creditor were adopted and the decision in *Manufacturers Trust Co.* v. *Anderson (supra)* ignored. The creditor's construction seems to be, and he cites a case which tends to support his view (*Duggar* v. *Mobile & Gulf Nav. Co.*, 224 Ala. 359; 140 So. 614), that Congress by re-enacting in 1926 the repealing act of June 9, 1874, as section 544 of title 46 of the United States Code, intended to remove the protection it had previously given seamen with respect to their wages, where the seamen were employed on coastwise vessels, notwithstanding that Congress had in 1915 (Act of March 4, 1915, chap. 153, § 12, 38 U. S. Stat. at Large, 1164, 1169 [U. S. Code, tit. 46, § 601]) not only in terms restored this protection to all seamen, but expressly extended it to fishermen employed on fishing vessels, and notwithstanding that this statute of March 4, 1915, was in 1926 also re-enacted as section 601 of title 46 of the United States Code. That the act of 1915 restored the protection to all seamen seems to be the more reasonable construction. It was so indicated in a dictum in the last sentence of the opinion in *Inter-Island Steam Nav. Co.* v. *Byrne* (239 U. S. 459; 36 S. Ct. 132; 60 L. Ed. 382), and although the case was decided before the adoption of the United States Code, the dictum carries considerable weight.

Motion to vacate the garnishment granted. Submit order.