9 So.2d 21

WATERMAN S. S. CORPORATION v. BRILL et al.

1 Div. 403.

Court of Appeals of Alabama.

March 17, 1942.

Rehearing Denied April 7, 1942.

Reversed on Mandate June 23, 1942.

McCorvey, McLeod, Turner & Rogers and T. M. Stevens, all of Mobile, for appellant.

A. S. Whiting, of Mobile, for appellees.

SIMPSON, Judge.

The question, in essence, for our decision is succinctly stated by able counsel for appellant, in brief: Arc the wages of a seaman engaged in the ordinary coastwise trade subject to garnishment?

The ruling of the trial judge upon this question was in the affirmative, hence this appeal by the garnishee (appellant), which had concluded otherwise, ignored a garnishment served upon it, and paid to Seaman Roselle his wages, earned while engaged in his duties in the coastwise trade.

Section 61, 17 Stat. 262, U. S. Shipping Commissioners' Act of June 7, 1872, reenacted and slightly modified by Section 12 of the Act of March 4, 1915, 38 Stat. 1169, exempted the wages of all seamen from arrestment or attachment by any court. U. S.C.A., Title 46, § 601.

On June 9, 1874, 18 Stat. 64, Congress passed an Act with reference to the Shipping Commissioners' Act of 1872, supra, to the effect that none of the provisions of the Shipping Commissioners' Act shall apply to sail or steam vessels engaged in coastwise trade, except, etc. (the exception not being here pertinent). U.S.C.A., Title 46, § 544.

The Act of Congress, approved June 30, 1926, 44 Stat. 777, authorized the codification of the laws of the United States in force December 7, 1925. This codification included all the enactments; supra. The Exemption Act (of 1872 as modified and extended by that of 1915) is presently Section 601 of Title 46, United States Code, and the Act of 1874, denying the privileges of the Shipping Commissioners' Act to seamen employed in coastwise shipping, is Section 544 of Title 46 of said Code. (The Sections and Title are numbered similarly in U.S.C.A.)

The appellants contend that the re-enactment in 1915 of Section 61 of the Act of 1872, which exempted all seamen's wages, operated to repeal the Act of 1874, whereby coastwise trade was not included in the benefits of the Shipping Act of 1872, and that this status of the law still pertains, despite the codification of both enactments, supra.

The appellees contend that due to the inclusion in the official codification of laws of the United States (in 1926) of both of said Acts (the wage exemption in the Act of 1915, and the Act of 1874 excluding coastwise shipping from the benefits thereof), both Acts were extant and the latter was restrictive of the former, with the result that the wages of coastwise seamen are not exempt. This is the view taken by the trial judge.

The very point in issue was conclusively settled in this jurisdiction in an opinion from this court by the late, lamented Judge Samford in the case of Duggar v. Mobile & Gulf Nav. Co., 25 Ala.App. 2, 140 So. 611, and certiorari was denied therein by the Supreme Court, opinion by Mr. Justice Foster, reported in 224 Ala. 359, 140 So. 614.

Counsel for appellants urge that the rulings of these courts are erroneous and should be reconsidered. They offer able and vigorous argument to support it. It could be said that, were the matter, now before us, original, we would be impressed that a difficult question was presented. But, being otherwise, and both courts having spoken in learned and well considered opinions, we cannot now change this ruling, if we were so minded. The decision of the Supreme Court, affirming the holding of this court, now governs. Code 1940, Title 13, § 95.

The law in our State now is: "Whatever may have been the status of the law from March 4, 1915, to June 30, 1926, the date of the adoption of the code, * * * after the adoption of the Code, both sections 544 and 601 of 46 U. S.C.A. became operative, and the former was a limitation on the latter." Duggar v. Mobile & Gulf Nav. Co., 224 Ala. 359, 360, 140 So. 614. The import of this ruling is that, at least, since the adoption of the United States Code (Act of Congress, June 30, 1926), seamen in ordinary coastwise trade are not entitled to exemption from attachment of wages.

Appropriately, it might be observed that, although some courts are at variance with this view (Migliaccio v. Cappola, 160 Misc. 557, 289 N.Y.S. 891; Michigan Furniture Co. v. Southern Pac. Co., 158 Misc. 781, 287 N.Y.S. 178), other courts entertain the same opinion upon the question as the Alabama courts. Johnson v. Standard Oil Co., D.C., 33 F.Supp. 982; Gordon v. Blackton, 117 N.J.L. 40, 186 A. 689.

The New Jersey court, in Gordon v. Blackton, cited and adopted the views expressed by this court in the Duggar case as authority for its holding. The Gordon v. Blackton case was reviewed by the Supreme Court of the United States, 303 U.S. 91, 58 S.Ct. 417, 82 L.Ed. 683. This question was there presented and ripe for solution. That court, however, dealt with other matters as basis for its conclusion that the wages of a master of a vessel are not exempt from attachment, and pretermitted consideration or decision of the problem before us.

The final authority has failed to speak. The view our court has taken seems logical and that decision has been adopted as authority for similar holdings by eminent courts elsewhere. It is proper therefore, on both reason and authority, that the law stand as enunciated in the Duggar case.

Stare decisis et non quieta movere is good doctrine to sustain this conclusion.

The judgment of the trial court is affirmed.

Affirmed.

### On Rehearing.

It is again argued, on rehearing, that the Duggar case is unsound in holding that, by the adoption of the United States Code, both Sections 544 and 601 of 46 U. S.C.A. became operative and the former was a limitation on the latter. Predicate for this argument is that Congress, in adopting the Code, imposed the provision that "nothing in this Act shall be construed as repealing or amending any such law, or as enacting as new law any matter contained in the Code." 1 U.S.C.A. p. 4.

The New York cases, cited supra, and that of United States ex rel. Boyd v. McMurtry et al., D.C., 5 F.Supp. 515, encourage such a view, and, as suggested in the opinion hereinabove, were the matter before us now as an original proposi-

tion solution of the problem would be most difficult.

This is not the case, however. We have now jurisdictions entertaining different views, with the supreme authority, the United States Supreme Court, having rendered no opinion to guide us.

This court is content to view the law as settled in this jurisdiction and, indeed, we must be content for our Supreme Court has announced the law, and: "The decisions of the supreme court shall govern the holdings and decisions of the court of appeals," Code 1940, Title 13, Sec. 95.

The application is overruled.

Rehearing denied.

### After Remandment.

As pointed out above, we seriously questioned the soundness of the holding in Duggar v. Mobile, etc., Co., supra. Nevertheless, the opinion of our Supreme Court in that case was binding upon us, and upon that authority we affirmed the judgment of the lower court in the present case.

The Supreme Court has now reversed its holding and rules (on certiorari from our court in the case at bar, 9 So.2d 23) that the decision in the Duggar case was erroneous, the effect of the conclusion being that the wages of seamen engaged in ordinary coastwise trade are not subject to garnishment, arrestment or attachment.

This last expression on the subject from our Supreme Court controls the issue. Code 1940, Title 13, § 95.

The judgment of the trial court is therefore reversed and a judgment is here rendered discharging the garnishee.

Reversed and rendered.