## BLACKTON *v.* GORDON.

No. 167. Argued January 5, 1938.—Decided January 31, 1938.

*Messrs. Clement K. Corbin* and *Edward A. Markley* submitted on brief for petitioner.

*Mr. Aaron Gordon,* with whom *Mr. John W. Ockford* was on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The issue is whether the master of a vessel is entitled to the benefit of § 12 of the Act of March 4, 1915,[1] exempting wages of seamen from attachment.

The respondent recovered judgment against one Findlay, the captain of the tug Waverly, a registered vessel of the United States operating in New York Harbor. Under a state statute Findlay's wages due from his employer, the Erie Railroad Company, were attached by the service of an order on the petitioner, superintendent of the marine department of the railroad company. It is not disputed that if Findlay's wages were subject to

---

[1] c. 153, 38 Stat. 1164, 1169; U. S. C. Tit. 46, § 601.

garnishment the order, and its service upon the petitioner, were regular and lawful. The petitioner asserted that the federal statute exempted Findlay's wages from execution and refused to honor the order. Thereupon action was instituted by respondent against petitioner, pursuant to local statute which in such a case renders the recusant officer liable for the amount of the judgment. On the trial petitioner's motions for a nonsuit and for a directed verdict were denied and judgment went for the respondent. The petitioner successively appealed to the Supreme Court and the Court of Errors and Appeals. The judgment was affirmed.[2] Because of the importance of the question we granted the writ of certiorari.

The words of the statute are: "No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court . . ." While, within the purview of some of the acts concerning shipping, a master is included in the class designated seamen, in others the expression excludes the master.[3] In this case we must determine whether Congress intended, by § 12 of the Act of 1915, to extend to a master the exemption of seamen's wages from garnishment. Decision is aided by a consideration of the provision in its original setting. It was first enacted as § 61 of the Act of June 7, 1872,[4] which authorized the appointment of shipping commissioners to protect merchant seamen and to superintend their shipment and discharge. Scrutiny of the Act as a whole leads to the view that in all matters affecting wages seamen were treated as a class which excluded masters; and this conclusion is required by § 65,[5] which is in part: "That to avoid doubt in the construction of this act, every person having the command of any ship belonging to any

---

[2] 117 N. J. L. 40, 186 Atl. 689; 118 N. J. L. 159, 191 Atl. 761.

[3] *Warner* v. *Goltra*, 293 U. S. 155, 157, 158.

[4] 17 Stat. 262, 276.

[5] 17 Stat. 277.

citizen of the United States shall, within the meaning and for the purposes of this act, be deemed and taken to be the 'master' of such ship; and that every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a 'seaman' within the meaning and for the purposes of this act; . . ."

In its present form the pertinent language of § 12 of the Act of March 4, 1915, is identical with that originally employed in § 61 of the Act of 1872, which became § 4536 of the Revised Statutes. Section 12 of the Act of March 4, 1915, reënacted the section, adding a provision to make it applicable to fishermen employed on fishing vessels as well as to seamen. The statute is now § 601 of Title 46 of the United States Code.

Section 65 of the Act of 1872 became § 4612 of the Revised Statutes and, with immaterial amendments, now is § 713 of Title 46 of the United States Code. Various other provisions of the Act of 1872 embodied in the Revised Statutes, either in their original form or as amended by the Act of March 4, 1915, and by the Merchant Marine Act of 1920,[6] now appear, with provisions of other statutes, as sections of Title 46 of the Code. In compiling it the original language of § 65 of the Act of 1872 "To avoid doubt in the construction of *this act*," was, in § 713 of Title 46, changed to read: "In the construction of *this chapter*." The change in phraseology has given rise to the impression that the definitions found in § 713 apply indifferently to the various statutes affecting merchant shipping.[7] To avoid confusion in determining the applicability of the definitions contained in that section, it is necessary to trace to their origin the substantive sections to which it may be deemed to refer, and to construe them in the light of the evident intent of Congress in the use

[6] c. 250, 41 Stat. 988.

[7] *Warner* v. *Goltra, supra,* p. 162.

of the word "seaman" in the original Act. Since the pertinent provision of § 12 of the Act of 1915 here under consideration and the definitions of § 713 of Title 46 of the Code were commonly derived from the Act of 1872 and have not been materially changed, they must be read in collocation, and when this is done, the intent of Congress to exclude masters from the exemption accorded seamen is plain.[8]

The petitioner contends that § 61 of the Act of 1872 was modified by the Act of June 9, 1874,[9] whereby the provisions of the Act of 1872 were made inapplicable to vessels in the coastwise trade. The latter Act has been carried into the Code as § 544 of Title 46, and it is said that the repeal of § 61 by the Act of March 4, 1915, and the reënactment of the section, slightly altered, did not operate to repeal the Act of 1874. In view of our decision that a master is not within the exemption granted by § 12 of the Act of 1915 we need not pass upon this question.

The judgment is

*Affirmed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.

---

[8] Cf. *Warner* v. *Goltra, supra,* p. 162.

[9] c. 260, 18 Stat. 64.