## UNITED STATES v. ARGONAUT LINE, Inc.

District Court, S. D. New York.
April 24, 1940.

John T. Cahill, Noel Hemmendinger, both of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, A. V. Cherbonnier and James A. Carney, all of New York City, for defendant.

BONDY, District Judge.

The United States on November 28, 1939, filed a complaint against the owner of the S. S. "Atlantic", alleging that between

June 28, 1937, and July 31, 1937, licensed officers in the deck and engine departments of the vessel were required to work more than eight hours in one day in fifty-five separate instances, in violaton of section 2 of the Act of March 4, 1915, c. 153, 38 Stat. 1164, as amended by section 2 of the Act of June 25, 1936, c. 816, 49 Stat. 1933, 46 U.S.Code section 673, 46 U.S.C.A. § 673, and that the owner of the vessel thereby became liable to penalties of $500 for each offense, amounting in the aggregate to $27,500.

The defendant moves to dismiss the complaint on the ground that the action was not commenced within the two year period of limitations prescribed by R.S. Sec. 4610, 46 U.S.Code section 711, 46 U.S.C.A. § 711. It is the contention of the United States that the action is governed by R.S. Sec. 1047, 28 U.S.Code section 791, 28 U.S.C.A. § 791, which provides that no suit for any penalty accruing under the laws of the United States shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty accrued.

Section 711, Title 46, U.S.Code, 46 U.S.C.A. § 711, which prescribes the short period of limitations, governs "all penalties and forfeitures imposed by this chapter, for the recovery whereof no specific mode is provided." Section 711 is part of chapter 18, Title 46, U.S.Code, 46 U.S.C.A. § 711. Section 673, Title 46 U.S.Code, 46 U.S.C.A. § 673, under which the government seeks to recover the penalties in question, is also part of chapter 18. It does not provide any specific method· for the recovery of the penalties prescribed therein. These provisions of the Code, considered without reference to the history of the legislation, apparently support defendant's contention that this action is subject to the short period of limitations contained in section 711.

With a few verbal changes, section 711, Title 46, U.S.Code, 46 U.S.C.A. § 711, is a re-enactment of section 64 of the Act of June 7, 1872, c. 322, 17 Stat. 276, which became section 4610 of the Revised Statutes. Section 64 of that act expressly applied only to "all penalties and forfeitures imposed by this act, and for the recovery whereof no specific mode is hereinbefore provided." When this section became section 4610 of the Revised Statutes, it was placed in Title LIII and the reference to "all penalties

and forfeitures imposed by *this act,*" was changed to "all penalties and forfeitures imposed by *this Title.*" The sections of the Act of 1872 which provided for penalties but did not specify any method for the recovery thereof were likewise re-enacted with only verbal changes, as sections of the Revised Statutes and were placed in Title LIII.

When the United States Code was compiled, section 4610 of the Revised Statutes became section 711 of chapter 18, Title 46, 46 U.S.C.A. § 711, and the reference to "all penalties and forfeitures imposed by *this Title,*" was changed to "all penalties and forfeitures imposed by *this chapter.*" The then existing sections of Title LIII of the Revised Statutes, relating to penalties and derived from the Act of 1872, were also placed in chapter 18 of Title 46.

■ It is apparent that the period of limitations prescribed in section 711 "must be confined to those sections of the chapter which were contained in the Act of 1872, or in the equivalent provisions of the Revised Statutes, before the Code had rearranged them." Warner v. Goltra, 293 U.S. 155, 161, 55 S.Ct. 46, 49, 79 L.Ed. 254; cf. Blackton v. Gordon, 303 U.S. 91, 58 S.Ct. 417, 82 L.Ed. 683.

■ The statute which specifies the hours of work of licensed officers and seamen and the penalty for the violation thereof, is not derived from the Act of 1872. The first statute on the subject was enacted in 1915 (Act of March 4, 1915, c. 153, section 2, 38 Stat. 1164), and it was not until 1936 that the 1915 statute was amended to provide for the penalties which the government now seeks to recover. Act of June 25, 1936, c. 816, section 2, 49 Stat. 1933. The 1915 statute was placed in the Code as section 673 of chapter 18, Title 46, 46 U.S.C.A. § 673, and the 1936 amendatory act also became section 673, 46 U.S.C.A. § 673. Since the compilers of the Code did not have the power to legislate, they could not, merely by placing the 1936 statute in the same chapter and Title as the sections carried over from the Act of 1872, make applicable to the recovery of these new penalties the period of limitations derived from that act. Warner v. Goltra, supra.

Accordingly the instant action is not subject to the period of limitations contained in 46 U.S.Code section 711, 46 U.S.C.A. § 711, but to that contained in 28 U.S.Code section 791, 28 U.S.C.A. § 791. It follows

that this action has been commenced within the time limited by law and the defendant's motion therefore is denied.