**ATLANTIC CITY ELECTRIC COMPANY et al., Respondents-Plaintiffs,**

v.

**GENERAL ELECTRIC COMPANY et al., Petitioners-Defendants.**

United States Court of Appeals Second Circuit.

Submitted Feb. 25, 1964.

Decided July 16, 1964.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Allis-Chalmers Mfg. Co.

White & Case, New York City, for General Electric Co.

Cravath, Swaine & Moore, New York City, for Westinghouse Electric Corp.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiffs Atlantic City Electric Co. et al., and Appalachian Power Co. et al.

Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, New York City, for Plaintiffs Atlantic City Electric Co. et al.

LeBoeuf, Lamb & Leiby, New York City, for plaintiffs Arkansas Power & Light Co. et al., Consolidated Edison Co. of New York, Inc., Niagara Mohawk Power Corp., Orange and Rockland Utilities, Inc.

Reid & Priest, Coudert Brothers, New York City, for plaintiffs Dallas Power &

Light Co. et al., and Carolina Power & Light Co. et al.

Winthrop, Stimson, Putnam & Roberts, New York City, for plaintiffs Consumers Power Co. et al.

Before WATERMAN, MOORE and FRIENDLY,* Circuit Judges.

PER CURIAM.

The district court has certified pursuant to section 1292(b), 28 U.S.C.A. that its order, sustaining objections to interrogatories designed to discover whether damages were actually sustained by plaintiffs who may have shifted such damages, if any, to their customers of electricity, involves a controlling question of law in these litigations and that there is substantial ground for differences of opinion. The court noted in its opinion that the Court of Appeals for the Seventh Circuit has permitted an appeal to be taken from a similar order.[1]

In sustaining the objections to the interrogatories posed, the district court has, in effect, foreclosed defendants from pre-trial discovery of facts relating to a defense that plaintiffs have "passed-on" to their customers any damages incurred by plaintiffs and hence are not entitled to recover to the extent that defendants can prove such passing-on.

Upon this application for leave to appeal it would not be appropriate to isolate and endeavor to decide before an appeal from any final judgment this particular question of law. Pre-trial leave to appeal applications must be decided against the background of the entire case. Many important questions of law will undoubtedly arise in these cases but the problem now confronting us is the feasibility and advisability of trying to decide this particular question in advance of trial.

If pre-trial discovery were allowed as defendants request it could easily develop into a multitude of full scale rate cases which could dwarf in time and testimony the already extensive pre-trial proceedings. If the district court is in error, as to which no opinion is expressed, defendants will have full opportunity in the event of an adverse judgment, if based in whole or in part upon this error, to have it corrected upon appeal together with any other errors which may be urged. It is doubtful that any discoveries or hearings required to establish the extent of any damages, if the passing-on doctrine applies, would be more burdensome then than now. Since defendants' rights to this defense are not being taken away or prejudiced on any ultimate appeal by denial of the pre-trial appeal now sought, we believe that the ultimate disposition of these cases would be delayed rather than advanced by granting this application.

Application denied.

---

* Judge Friendly took no part in the consideration or decision of this case.

1. Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 32 F.R.D. 473 (N.D. Ill.1963).