HALL, Judge.
Plaintiff obtained a monetary judgment against Eugene M. Bonvillion and others *923 and proceeded to execute same by garnishment issued against J. Ray McDermott & Company Inc., Bonvillion’s employer. Bonvillion brought a rule against plaintiff to have the garnishment declared null and void on the ground that he was a seaman and as such his wages are exempt from seizure under the provisions of 46 U.S.C.A. §601. The Trial Court held that Bonvil-lion was not a seaman and refused to set aside the garnishment. Bonvillion appealed.
The primary question presented to us is whether Bonvillion is a seaman within the purview of 46 U.S.C.A. § 601. If he is not the judgment of the Trial Court must be affirmed.
The facts are undisputed. Bonvillion is an employee of J. Ray McDermott & Company Inc. as a crewman aboard Derrick Barge # 10, a specialized vessel which is used in the construction of off-shore drilling platforms and the laying of pipelines from the platforms to shore. The barge has no motive power of its own and must be towed to and from the construction sites. At the time of this suit the barge was anchored off-shore at the mouth of the Mississippi River, engaged in the construction of a drilling platform.
Bonvillion’s principal duties aboard the barge consist in the construction of drilling platforms, the laying of pipelines and the unloading of material for the construction of the platforms and pipelines from the supply barge onto Derrick Barge # 10. When there is no construction or unloading work going on Bonvillion assists in maintenance work aboard the barge (chipping and painting). He also occasionally tends to the running lights and the mooring lines. Bonvillion is an hourly employee, paid every two weeks. He works a normal schedule of ten days on and five days off. While working he normally eats and sleeps aboard the barge. His time off is spent at his home in Houma. He is transported to and from Houma by another vessel.
Bonvillion does not hold seaman’s papers, has never attended a school for merchant seamen, has never taken an able bodied seaman’s examination, is not a member of the National Maritime Union, he signed no articles and is not rated as a seaman by his employer and is not paid seaman’s wages.
Bonvillion contends that since he engaged at times in activities traditionally performed by seamen such as chipping and painting and the manning of mooring lines he is to be regarded as a “seaman” within the meaning of 46 U.S.C.A. § 601 exempting the wages of seamen from garnishment. He cites a number of cases to substantiate his status as a “seaman”. However in all the cases cited the claimant was declared to be a seaman solely for the purpose of allowing him to bring a suit for damages under the Jones Act (46 U.S.C.A. § 688).
“The word ‘seaman’ is a flexible one, dependent upon the context of the particular statute under which the term is sought to be applied. Under the Jones Act it has been given a very broad and liberal reading, much more so than ‘seaman’ as defined in 46 U.S.C.A. § 713.” Norris: The Law of Seamen, 3rd Ed. Vol. 1, § 9, p. 25. See also 79 C.J.S. ver-bo Seamen § 1, p. 490.
The fact that Bonvillion might be determined to be a seaman under the Jones Act does not necessarily mean that he should be classified as a seaman under the provisions of 46 U.S.C.A. § 601.
This section of the United States Code is taken from an act passed by Congress in 1872, the fundamental purpose of which was to afford protection to seamen in respect to their treatment and wages. The special exemption to seamen was necessary inasmuch as long voyages were then the rule and considerable wages would be accumulated all of which could be attached or garnished under the laws of some states *924 thus rendering a seaman absolutely destitute upon termination of his voyage. Bon-villion’s employment does not come within the fundamental purpose of the statute inasmuch as he is paid every two weeks, and whose check is sent to his home when he is away. He is away from home only ten days at a time and then returns to his home in Houma for five days before going to work again.
The primary duties of Bonvillion were non-maritime in character. The only work he performed of a maritime character was when there was no construction going on. Under the circumstances we are of the opinion that Bonvillion was not a seaman within the purview of 46 U.S.C.A. § 601 and should not be allowed to hide behind the exemption granted to legitimate seamen.
Furthermore it has been held, although there is some jurisprudence to the contrary, that under the provisions of 46 U.S.C.A. § 544 the wages of seamen engaged in the coastwide trade are not entitled to the exemption from seizure provided by 46 U.S.C.A. § 601. See Gordon v. Blackton, 117 N.J.L. 40, 186 A. 689 (affirmed on other grounds 303 U.S. 91, 58 S.Ct. 417, 82 L.Ed. 683) and cases there cited. Even if considered a seaman within the purview of § 601 Bonvillion cannot be considered to be engaged otherwise than in the coastwise trade. The barge on which he was working at the time of this suit was anchored at the mouth of the Mississippi River. Under these circumstances his wages are subject to garnishment under the exemption granted by 46 U.S.C.A. § 544.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by appellant.
Affirmed.