UNITED EGG PRODUCERS, Midwest Egg Producers Association, National Egg Company, Northeast Egg Marketing Association, Southwestern Egg Producers, Western Egg Co., Clements Eggs, Inc. and Austin T. Moore, Jr., Plaintiffs,

v.

BAUER INTERNATIONAL CORPORATION and John P. Bauer, Defendants.

No. 70 Civ. 194.

United States District Court,
S. D. New York.

April 27, 1970.

Richard L. Bond, and Rosenwasser & Halperin, New York City, for plaintiffs.

Herzfeld & Rubin, New York City, for defendants; Edward L. Birnbaum, Michael Hoenig and Daniel Riesel, New York City, of counsel.

## MEMORANDUM

MacMAHON, District Judge.

There can be no question that producers of eggs may conduct their affairs collectively through cooperatives immune from the proscriptions of Section 1 of the Sherman Act, 15 U.S.C. § 1.[1] It is plain that all of the alleged conspirators are agricultural cooperatives, officers of such entities and producing members. There is no allegation on the face of the counterclaims that membership in the cooperatives includes persons other than actual producers of eggs. Nor is there any allegation that producers have joined with non-producers in a conspiracy.

Judge Bonsal's findings of fact, following evidentiary hearings on a motion for a preliminary injunction, 311 F.Supp. 1368 and Faulkner's affidavit show beyond question that membership in the plaintiff cooperatives is restricted to producers of eggs. For these reasons, Case-Swayne Co. v. Sunkist Growers, Inc., 389 U.S. 384, 88 S.Ct. 528, 19 L.Ed.2d 621 (1967), and similar authorities relied upon by defendant are inapplicable. Necessarily, therefore, both counterclaims, which purport to allege a combination or conspiracy among agricultural cooperatives and their members in violation of the antitrust laws, are insufficient under Section 1 of the Sherman Act because such a combination is immune from the proscriptions of that section.

Likewise, there are no allegations on the face of either counterclaim asserting any of the fundamental elements of monopolization. Thus, there is no allegation of a relevant market, monopoly power or the activity monopolized. All three allegations are essential

1. Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 370 U.S. 19, 82 S.Ct. 1130, 8 L.Ed.2d 305 (1962); Capper-Volstead Act, 7 U.S.C. § 291; Clayton Act § 6, 15 U.S.C. § 17.

to a claim of monopolization.[2] The counterclaims, therefore, are also insufficient under Section 2 of the Sherman Act, 15 U.S.C. § 2.

■ Finally, the second counterclaim is insufficient on grounds independent of the antitrust laws in that defendant Bauer brings it as a consumer of eggs on behalf of himself and all consumers of eggs in the United States who are similarly situated. Ultimate consumers are not within the economic class with standing to sue in the circumstances shown here, where the direct injury, if any, falls on the primary buyer in the chain of distribution and cannot be passed on to the ultimate consumer.[3]

■ Moreover, we think it obvious that a class comprising all consumers of eggs in the United States is so large that it is unmistakably beyond the limit of a permissible class action. It would be next to impossible to identify members of the class and to give them appropriate notice.[4] The management problems for the court would be virtually insuperable.[5]

Finally, Bauer is the sole owner of defendant Bauer International Corporation, one of the leading import-export companies in agricultural and poultry products. Bauer's economic interest, therefore, lies not with consumer interest but with suppliers. Manifestly, his first allegiance is not to consumers but to himself as an importer and supplier of eggs. He cannot, therefore, adequately represent the consumers because of his conflicting and divided interest.[6]

Accordingly, defendants' first and second counterclaims are dismissed for failure to state a claim upon which relief can be granted and defendants' second counterclaim is dismissed on the additional ground that it may not be maintained as a class action. Since our decision is based on the face of the counterclaims, the affidavits, and on findings of fact by Judge Bonsal on an earlier motion, we will treat this motion as a speaking motion for partial summary judgment under Fed.R.Civ.P. 12(b) and 56. There being no genuine issue of material fact and no just reason for delay, the Clerk of the Court is directed to enter partial summary judgment dismissing the first and second counterclaims.

So ordered.

2. See, United States v. Grinnell Corp., 384 U.S. 563, 570–571, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); United States v. E. I. du Pont de Nemours & Co., 351 U.S. 377, 389, 394, 76 S.Ct. 994, 100 L.Ed. 1264 (1956); United States v. Columbia Steel Co., 334 U.S. 495, 519, 68 S.Ct. 1107, 92 L.Ed. 1533 (1948); Mackey v. Sears, Roebuck & Co., 237 F.2d 869 (7th Cir. 1956), cert. dismissed, 355 U.S. 865, 78 S.Ct. 114, 2 L.Ed.2d 70 (1957); Karlinsky v. New York Racing Ass'n, 310 F.Supp. 937, S.D.N.Y., Mar. 20, 1970.

3. Hanover Shoe, Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968); Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 315 F.2d 564 (7th Cir.), cert. denied, Illinois v. Commonwealth Edison Co., 375 U.S. 834, 84 S.Ct. 64, 11 L.Ed.2d 64 (1963); Productive Inventions, Inc. v. Trico Products Corp., 224 F.2d 678 (2d Cir. 1955), cert. denied, 350 U.S. 936, 76 S.Ct. 301, 100 L.Ed. 818 (1956); Ohio Valley Elec. Corp. v. General Elec. Co., 244 F.Supp. 914 (S.D.N.Y.1965); Atlantic City Elec. Co. v. General Elec. Co., 226 F.Supp. 59 (S.D.N.Y.), application denied, 337 F.2d 844 (2d Cir. 1964).

4. Fed.R.Civ.P. 23(c) (2).

5. Fed.R.Civ.P. 23(b) (3) (D). See, Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968).

6. Fed.R.Civ.P. 23(a) (4); 3B Moore, Federal Practice ¶ 23.07 (2d ed. 1969).