Ivan FORDE and Pearle A. Forde, etc., Plaintiffs,

v.

ANJOY TRAVEL LTD., British West Indian Airways Limited, William Haynie and Calvin Cadogen, Defendants.

No. 81 Civ. 1721–CSH.

United States District Court,
S. D. New York.

Jan. 9, 1982.

John L. Van Horne III, New York City, for plaintiffs.

Condon & Forsyth, New York City, for defendant British West Indian.

Mossberg, Rappaport & Glotzer, New York City, for defendant Anjoy Travel Ltd.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This is an action to recover damages for fraud and breach of contract. The case is before the Court on plaintiffs' motion pursuant to F.R.Civ.P. 23(b)(3) for class certification. The proposed class would consist of "persons who contracted with defendants ANJOY TRAVEL LTD. ["Anjoy"] and BRITISH WEST INDIAN AIRWAYS LTD. ["BWIA"] for participation in a vacation travel package to the island of Barbados for the period from June 27, 1980 through July 7, 1980." Plaintiffs' Memorandum at 1. For the reasons stated, the motion is denied.

Rule 23(a), F.R.Civ.P., sets forth four prerequisites to a class action: (1) numerosity of the class, so that joinder of all parties would be impracticable, (2) common questions of law or fact, (3) typicality of the representatives' claims or defenses, and (4) adequacy of representation. Once those four requirements have been satisfied, a class can be certified pursuant to Rule 23(b)(3) only if:

"the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

In the case at bar, defendants contend that neither the four prerequisites to maintenance of a class action contained in Rule 23(a), nor the additional requirements found in Rule 23(b), have been satisfied. Specifically, defendants claim that joinder of all parties is not impracticable because, at most, only 38 persons are involved, each of whom live in the metropolitan area and are easily identifiable. Second, defendants argue that even if the common questions required by Rule 23(a)(2) exist, the requirement found in Rule 23(b), that the common questions predominate over individual ones, could not be satisfied with respect to the

fraud claim because each member of the class must prove individual reliance, nor could it be satisfied with respect to the breach of contract claim because not all class members were denied the same things. Furthermore, defendants contend that because the Fordes, the named plaintiffs, brought the group to defendants, handled the details of the trip, and received free hotel accommodations, their theory of liability of necessity differs from that of the remaining class members. It is because of these latter circumstances, in addition to the fact that the Fordes charged each person $60 more than the cost of the trip, that defendants urge that the claims or defenses of the Fordes are not typical of those of the class, and that in fact a conflict of interest exists between the Fordes and the other class members, thereby precluding a finding that the Fordes can serve as adequate class representatives. While each point raises questions of substance, the affidavits, briefs and statements of counsel at oral argument reveal that defendants' primary opposition is directed to the adequacy of the Fordes as class representatives. I base my decision on that factor.

■ It is clear from the present record in this case, which consists in part of deposition testimony of the Fordes and three putative class members, as well as affidavits of defendant Haynie, President of Anjoy, and defendant Cadogen, an independent travel agent working through Anjoy, both of whom handled the vacation at issue, that the Fordes were entrepreneurs who put together the subject vacation in order to subsidize their own vacation. The Fordes received free accommodations and, although they paid their own airfare, did so only after asking for, and being refused, free transportation. Furthermore, the Fordes charged each person $60 more than the price the Fordes were billed, apparently without the participants' knowledge. And, of greater importance to this decision, the Fordes acted as middlemen for the remaining vacationers, preparing the flier advertising the vacation; collecting from each participant a check in the amount of $529, made payable to the Fordes, and in turn paying Anjoy $469 per person; obtaining from Anjoy the confirmations and tickets; and otherwise arranging the details of the trip. Thus the Fordes were not, as they characterize themselves in the motion papers, simply fellow passengers facing the irritations and disrupted vacation plans encountered by the other class members. Instead, they may accurately be described as more akin to travel agents themselves, who were compensated, at least in part, for their services, and who, at least insofar as they communicated, or failed to communicate, to the other participants that which Anjoy told them, made the representations which may be at issue in this action.

Notwithstanding the deposition testimony of two of the putative class members to the effect that the Fordes were "in the same boat" as the rest of the group, *see* Caraway deposition at 34; Lewis deposition at 23, it seems clear that the Fordes were in a position substantially different from, if not potentially antagonistic to, the other group members. In fact, at least one putative class member thought that Mrs. Forde, from whom she bought her ticket and obtained information, "was a representative for Anjoy ... She was the one that was selling tickets for Anjoy." Robinson deposition at 8. If this perception is an accurate one, a complaint might lie against the Fordes as well' as the other defendants. Obviously, the Fordes are not in a position to make this determination, a circumstance which, without more, justifies the Court's refusal to certify the class. *See Greene v. Emersons, Ltd.*, 86 F.R.D. 47, 59 (S.D.N.Y. 1980). Coupled with the rule that "[c]onflicts of interest, especially antagonistic or divergent claims, preclude a formulation of relief which will benefit all members of the class," *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 665–66 (N.D.Cal.1976) and cases cited therein, it is clear that the Fordes are not adequate class representatives.

■ Moreover, it appears from the record that the Fordes were not entirely candid with their fellow travelers. It is uncontroverted that they did not tell the three deponents that the deponents were being charged $60 more than the cost of the trip, nor did they reveal that they were getting free room and board in Barbados. While I

intimate no view on the motives of the Fordes, I find that their continued silence on these matters at the time the group discussed legal action and authorized the Fordes, at least implicitly, to act on the group's behalf, is fatal to the Fordes' claim that they will vigorously protect the interests of the *entire* class, *see, e.g., Massengill v. Board of Education*, 88 F.R.D. 181, 185 (N.D.Ill.1980), and casts doubt on whether the confidence placed in the Fordes by the group was well-founded and will continue after disclosure of these facts. Moreover, it is further support for the conclusion that a potential, if not actual, conflict on interest exists between the Fordes and the other class members.

Accordingly, plaintiffs' motion for an order certifying this action as a class action is denied. Counsel for all parties are directed to attend a status conference on January 22, 1982 at 2:00 p. m. in Courtroom 312.

It is So Ordered.