**HONOLULU FEDERAL SAVINGS AND LOAN ASSOCIATION, a federally chartered savings and loan association; Wesley Pyo, Becky T. Pyo, and Larry M. Nishi, for themselves and as representatives of a class of persons similarly situated, Plaintiffs,**

v.

**VEREX ASSURANCE, INC., a Wisconsin corporation, formerly known as Continental Insurance, Inc., Defendant.**

Civ. No. 87–0026.

United States District Court,
D. Hawaii.

April 23, 1987.

Cades Schutte Fleming & Wright, William A. Cardwell, Honolulu, Hawaii, for plaintiffs.

Kobayashi Watanabe Sugita & Kawashima, James Kawashima, Lex Smith, Honolulu, Hawaii, for defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

KAY, District Judge.

Plaintiffs' Motion for Class Certification came on for hearing before this court on March 9, 1987. The court, having reviewed the motion, the memoranda in support thereof and in opposition thereto, having heard the oral arguments of counsel and being fully apprised therein, finds as follows:

Verex Assurance, Inc. (Verex) insures Honolulu Federal Savings and Loan Association (HonFed) mortgage loans. The direct purchaser of the insurance is HonFed. HonFed paid the premiums. Verex paid the benefits to HonFed alone. Verex has made no direct representations to borrowers, contracted with no borrowers, received any premiums directly from the borrowers, or paid benefits to any borrowers. HonFed, however, charged its customers for the cost of the insurance, allegedly without charging any additional amounts for profit.

The State of Hawaii regulates the field of insurance closely. The State sets forth the rates which may be charged for such insurance and requires the filing of the same. Verex filed its rates, but charged HonFed at rates higher than those set forth in its filings. Verex admits this, and is willing to return the overpayment. At issue, however, is treble damages, punitive damages and attorneys fees.

HonFed also alleges that it may be subject to multiple liability to those customers affected. It is further alleged that these customers have a cause of action against Verex.

Under Fed.R.Civ.P. 23(a), a plaintiff may sue as the representative party on behalf of all members of the class if the following basic conditions are met:

(1) The class is so numerous that joinder of all members is impracticable,

(2) There are questions of law or fact common to the class,

(3) The claim or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) The representative parties would fairly and adequately protect the interests of the class.

The defendant does not dispute that joinder is impractical, that there are common questions of law or fact and that the claims and defenses of plaintiff are typical to those of the class. The only issue before this court is whether HonFed can adequately represent the interests of the class.

Plaintiff must prove three requirements to prove that HonFed can fairly and adequately represent the class:

(a) The class representative must not have interests antagonistic to the class regarding the substance of litigation;

(b) The representative's attorneys must be qualified, experienced and generally able to conduct the proposed litigation; and

(c) The representative and his/her counsel will vigorously prosecute the action in a manner consistent with the best interests of the absent class members.

*State of Illinois v. Harper and Row Publishers, Inc.*, 301 F.Supp. 484 (N.D.Ill.1969).

■ Defendant does not dispute the second and third requirements. Cades, Schutte, Fleming & Wright is a qualified law firm which is capable of vigorously prosecuting the action. The parties disagree as to whether HonFed's interests are antagonistic toward the members of the class of HonFed's customers. It is not necessary to show an actual antagonistic interest. The potential for conflict is sufficient to deny certification of the class. *Plekowski v. Ralston Purina*, 68 F.R.D. 443 (M.D.Ga.1975).

The facts of the complaint indicate that HonFed purchased mortgage insurance from Verex. Based upon these rates, HonFed sold insurance to its mortgage loan customers. HonFed, therefore, was an intermediary between Verex and the mortgage loan customers. HonFed also acquired certain mortgages from defaulting debtors. Therefore, HonFed holds a dual role as both the intermediary and the ultimate holder of some of the mortgages.

■ Verex argues that HonFed's position as an intermediary creates a conflict between HonFed and its customers. In *Forde v. Anjoy Travel, Ltd.*, 94 F.R.D. 41 (S.D.N.Y.1982), plaintiffs arranged a travel package through Anjoy Travel, Ltd. Plaintiffs collected the money, received free accommodations, and generally acted as middlemen or travel agents for the vacationers. The court ruled that although the plaintiffs also purchased tickets, they would not be able to adequately represent the interests of the class who were merely passive purchasers of a vacation package. *See also United Egg Producers v. Bauer Int'l Corp.*, 312 F.Supp. 319 (S.D.N.Y.1970) (an egg supplier who also purchased eggs may not represent the class of egg consumers); *and Plum Tree, Inc. v. Rouse Co., Inc.*, 58 F.R.D. 377 (E.D.Pa.1972) (franchisor in an antitrust suit may not represent class composed of franchisees where franchisees were suing franchisor for similar antitrust claim).

HonFed cites *In re Unioil Securities Litigation*, 107 F.R.D. 615 (C.D.Cal.1985) for the proposition that middlemen can adequately represent the interests of the ultimate consumers. In *Unioil*, the court held that the stockholders (the ultimate consumers) could properly represent the interests of the brokers (the middlemen) who sold the stock. This court finds *Unioil* clearly distinguishable. The brokers were in a position analogous to that of HonFed. However, the brokers were not the representative class plaintiffs. The stockholders were.

Therefore, although the ultimate consumers (such as HonFed's customers) may be able to represent the interests of the middlemen (such as HonFed), *Unioil*, 107 F.R.D. 615, the middlemen cannot necessarily represent the interests of the ultimate customers, *Anjoy Travel, Ltd.*, 94 F.R.D. 41.

HonFed cites two additional cases for the proposition that the motive and personality of HonFed are irrelevant in considering whether it will or can adequately represent the class: *Dorfman v. First Bos Corp.*, 62 F.R.D. 466 (E.D.Pa.1973); *First American Corp. v. Foster*, 51 F.R.D. 248 (N.D.Ga. 1970). In both cases, the motivations or interests of the named plaintiffs were different from but not contrary to the motivations of the other class members.

In the present case, HonFed may be liable to its customers for failing to detect Verex's alleged fraud. HonFed's liability then would be contingent upon Verex's lia-

bility. HonFed could escape liability by showing that Verex's actions were excusable. Therefore, a potential conflict exists and precludes HonFed from adequately representing the class of HonFed customers. HonFed's interests are not merely different, but also antagonistic to the interests of the class. Indeed, Honfed's counsel conceded it is likely that HonFed would be joined as a "nominal" party defendant should a class action be brought without HonFed as its class representative.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' Motion for Class Certification be, and the same is, DENIED.