## LOCKNER, etc. v PARISH, et al.

Case No. 87-1314 CCW

County Court, Broward County

June 7, 1988

### APPEARANCES OF COUNSEL

**Stephen V. Rosin** for plaintiff

**Mayer Gattegno** for defendant.

**Gregory J. Rand** for garnishee, Carnival Cruise Lines, Inc.

### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge.

THIS CAUSE came on before the Court on Plaintiff's Motion for Writ of Garnishment. The Court having heard the arguments of counsel for the parties and the garnishee, having reviewed the law and being otherwise fully advised, the Court finds that:

1. A unique issue of law and fact is created to wit:

"DOES A CROUPIER WHO WORKS FULL TIME IN THE CASINO OF A CRUISE SHIP ON THE HIGH SEAS IS EXEMPT FROM WAGE GARNISHMENT AS A 'SEAMAN' PURSUANT TO THE JONES ACT, 46 U.S.C. SECTION 601"

Because of the great amount of cruise ships in South Florida and the large amount of employees they have, this is an issue of great importance.

2. Plaintiff was awarded a Final Judgment against Defendant in this action on November 30, 1987.

3. The stipulated facts are:

4. Defendant Melissa Greenberg is currently, and has since 5 June 1987, been employed by Garnishee, Carnival Cruise Lines, Inc., solely in the capacity as croupier or black jack dealer in the casino on board one or more of Garnishee's cruise ships.

5. Garnishee Carnival Cruise Lines, Inc., provides Defendant, Melissa Greenberg, with room and board on its cruise ship and pay Defendant, Melissa Greenberg, a salary of $590.00 per month.

6. Garnishee Carnival Cruise Lines, Inc., has a company policy that no employee or passenger may leave the casino on its cruise ship in possession of any of the chips used in the casino for paying winnings, making wages and paying tips, and Garnishee employs a cashier in each of its casinos to cash any of said chips.

7. Most of the tips paid to the croupiers and black jack dealers on board Garnishee's cruise ships are paid by the passengers using these chips, although there are on rare occasions tips paid in cash.

8. It is Garnishee's policy that in all of the casinos on board Garnishee's cruise ships, including the ones in which Defendant, Melissa Greenberg has been and is employed, all of the tips paid to all of the croupiers and black jack dealers employed by Garnishee are pooled and distributed on a pro rata basis to all such croupiers and black jack dealers.

9. In all of the casinos on board Garnishee's cruise ships, including the ones in which Defendant Melissa Greenberg has been and is employed, at the end of every evening two of the croupiers or black jack dealers employed by Garnishee, but designated by the croupiers and black jack dealers working in that casino, in the mandatory presence of the Garnishee's casino manager as witness to the integrity of the process, collect the pooled tips, tally them, cash them through the Garnishee's casino cashier and then pay each of the various croupiers and black jack dealers their respective pro rata share of said tips.

## DECISION

1. Federal law pursuant to the Jones Act, 46 U.S.C. Section 601

pertinently provides that "No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court. . ." Because this issue is in the area of maritime law, Congress has exclusive jurisdiction.

2. It is clear that there are a number of workers in navigable waters and the high seas who do not come under the term "seaman", *Blacton v. Gordon,* 303 US 91 (1938). Longshoremen who do not live aboard a ship but do load and stow cargo on a ship are "seaman" because they do work that involve the safety of the ship and it was a service formerly performed by crew members, see *Atlantic Transport Co. of West Virginia v. Imbrovek,* 234 US 52 (1913).

3. The issue is was it the intent of Congress to cover a class of people such as croupiers on a cruise ship as "seamen" and thus exempt from garnishment and does the work of the croupier contribute to functioning of the ship.

4. The "functioning of the ship" is a broad term that can refer to those who steer the ship, operate and maintain the engines, clean the ship, cook and serve the food. The issue here is was it the intent of Congress to extend the "seaman's" exemption to, admittedly, the employee on a ship that is furthest removed from the traditional interpretation of a "seaman".

5. This Court finds that while deck cleaners, cooks and waiters could be considered "seaman" under the Jones Act, it was not the intent of Congress and Congress did not extend the "seaman" protection from garnishment to gambling croupiers.

THEREFORE, it is hereby ORDERED AND ADJUDGED that:

1. The Motion for Writ of Garnishment is Granted, as to her salary, but not tips.

DONE AND ORDERED this 7th day of June 1988.